## Citizenship Requirements for Teaching In Public Schools

PACKEL, Attorney General, January 16, 1973.— You have requested advice as to how §§1109 and 1202 of the Public School Code of March 10, 1949, P. L. 30, sec. 1017, can be reconciled. Section 1109 states:

"Every teacher employed to teach in the public schools of this Commonwealth must be . . . a citizen of the United States: Provided, that citizenship may be waived in the case of exchange teachers not permanently employed, and teachers employed for the purpose of teaching foreign language": 24 PS §11-1109.

Section 1202, as amended December 21, 1967, states:

"In the case of a resident foreign national holding an immigrant visa who has declared, in writing, to the Department of Public Instruction the intention of becoming a citizen of the United States, such person shall be eligible for a provisional college certificate": 24 PS §12-1202.

Section 1202 appears on its face to authorize the granting of provisional college certificates to certain aliens who are forbidden to teach in Pennsylvania public schools by section 1109. Nevertheless, even section 1202 limits the access of aliens to the teaching profession and conditions this limited access on a declaration of intention to become a citizen.

It is our opinion, and you are so advised, that insofar as these provisions prohibit otherwise qualified

resident aliens from teaching in the public schools on the same terms as qualified citizens, both provisions should be treated administratively as violative of the Equal Protection Clause of the Fourteenth Amendment §1, and are unenforceable. Accordingly, you are instructed to certify teachers without regard to applicants' citizenship and without regard to intention to obtain United States citizenship.

Previous opinions have held unconstitutional citizenship requirements that restrict access to the practice of veterinary medicine (Opinion No. 92), to the practice of medicine (Opinion No. 113, 2 Pa. B. 635), to the practice of pharmacy (Opinion No. 114, 2 Pa. B. 635), and to the practice of nursing (Opinion No. 116, 2 Pa. B. 745). These opinions were premised on the Supreme Court's decision in Graham v. Richardson, 403 U.S. 365 (1971). In Graham, the court held that the Fourteenth Amendment forbids statutory classification based on alienage unless the discrimination can be justified as necessary to achieve essential governmental interest. After Graham v. Richardson and after the above-mentioned opinions were issued, several lower court decisions have begun to define more specifically the kinds of governmental interests that can justify a citizenship requirement for entry into an occupational field. These decisions are fully consistent with our earlier opinions. They indicate that aliens may be barred from an occupational field only when loyalty and detailed familiarity with American culture are necessary qualifications for a position closely linked to uniquely governmental functions, such as the administration of justice[1] or the conduct of foreign policy.[2] On the other hand, when citizenship requirements restrict access to important jobs that are not,

---

[1] In Re Griffiths, 40 L. Wk. 2566 (Conn. Sup. Ct., 1972)

[2] Faruki v. Rogers, 42 L. Wk. 2193 (U.S. D.C., Dist. Col., 1972)

however, closely related to necessarily public functions, they are invalidated. For example, a citizenship requirement for positions with the New York Human Resources Administration has been struck down: Dougall v. Sugarman, 339 F. Supp. 906 (1971). Teaching, like medicine, is an important profession, but it is not a central governmental function like the operation of foreign policy or the administration of justice. These latter functions, for example, are never entrusted to private institutions as teaching often is in the United States.

We conclude that entry into the teaching profession is not to be restricted on the basis of citizenship. By permitting aliens to teach in public schools as exchange teachers or as permanent teachers of foreign languages, the Public School Code itself implies that the state's interest in keeping aliens from teaching in the public schools is not so compelling an interest as to outweigh other public policies. Graham v. Richardson and the lower court cases applying Graham require the conclusion that the Constitutional policy of giving equal protection of the laws to citizens and aliens alike outweighs whatever interest the State has in the citizenship requirements in sections 1109 and 1202.